WILLIAM W. GILLIKIN AND JO ANN J. GILLIKIN v. ROBERT E. WHITLEY, TRUSTEE, AND ELLIS JONES, JR., PLAN ADMINISTRATOR OF THE ELLIS JONES, JR., TILE CONTRACTOR, INC. PROFIT-SHARING PLAN AND TRUST AGREEMENT

No. 838SC303

(Filed 21 February 1984)

Contracts § 6— note and deed of trust—suppressing criminal prosecution—void as against public policy

   A promissory note and a deed of trust which were executed by plaintiff in exchange for defendant's implicit agreement not to initiate criminal proceedings against the male plaintiff for embezzlement were void as against public policy.

APPEAL by plaintiff and defendants from *Llewellyn, Judge.* Judgment entered 20 October 1982 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 February 1984.

This is an action to enjoin a foreclosure proceeding and to set aside a promissory note signed by plaintiff William W. Gillikin and a deed of trust signed by both plaintiffs. This case was consolidated for judgment with proceeding #81SP300 instituted before the Clerk of Superior Court to foreclose on the deed of trust hereinafter described. The Clerk's order, which authorized the trustee to foreclose, was appealed by plaintiffs to the Superior Court. Following trial before the judge, the court made detailed findings of fact and conclusions of law and entered the following order:

1. That the promissory note dated January 2, 1981, be and the same is declared null and void and of no effect as to plaintiff, Jo Anne J. Gillikin.

2. That the deed of trust dated January 2, 1981, executed by William W. Gillikin and wife, Jo Anne J. Gillikin, to Robert E. Whitley, Trustee for Ellis Jones, Jr., Plan Administrator of the Ellis Jones, Jr., Tile Contractor, Inc., Profit-Sharing Plan and Trust Agreement, which is recorded in Book 764, Page 300, of the Lenoir County Registry, be and the same is hereby declared to be null and void, and of no effect as to the plaintiff, Jo Anne J. Gillikin.

3. That the deed of trust executed by plaintiffs, which is recorded in Book 764, Page 300, of the Lenoir County Registry be and the same is hereby cancelled as to the plaintiff, Jo Anne J. Gillikin, and the Register of Deeds of Lenoir County be and she is hereby ordered to mark said deed of trust cancelled as to plaintiff, Jo Anne J. Gillikin, upon the public records of Lenoir County.

4. That the Order of the Clerk of Superior Court of Lenoir County entered in File #81SP300, which authorized the Trustee to foreclose upon the property described in said deed of Trust recorded in Book 764, at Page 300, of the Office of the Register of Deeds of Lenoir County, be and the same is hereby remanded to said Clerk for said Clerk to amend said Order in accordance with this Judgment.

---

---

5. That the costs of this action be and the same are hereby taxed against the plaintiff, William W. Gillikin.

Plaintiff William Gillikin and defendants appealed.

*White, Allen, Hooten, Hodges & Hines, P.A., by John R. Hooten, for plaintiff William Gillikin, appellant, and plaintiffs, appellees.*

*Harvey W. Marcus for defendant, Robert E. Whitley, appellant and appellee, and Thomas H. Morris for defendant, Ellis Jones, Jr., appellant and appellee.*

HEDRICK, Judge.

Because of our disposition of this case, set out below, we treat both appeals together.

The record discloses that plaintiffs executed the instruments in question after receiving the following certified letter from an attorney who represented defendant Ellis Jones, Jr.:

Dear Mr. Gillikin:

I am writing this letter on behalf of Ellis Jones, Jr. and in regard to his business's Profit Sharing Plan.

As you know, we have evidence that you have misapplied funds in the amount of $90,916.57. I have prepared a Promissory Note in the principal amount of $90,916.57, with interest at 16%. I have also prepared a Deed of Trust securing this Note on all of the tracts of real property which you presently own in Lenoir County. The Note is payable upon demand and provides for interest at the rate of 16% per annum.

The Note has been prepared for your signature and the Deed of Trust has been prepared for your's and your wife's signature. [T]he Note will remain in my office and you and your wife may come in to sign the Note and Deed of Trust during any of our office hours. We shall be open from 8:30 a.m. to 5:30 p.m. on Tuesday, December 23, 1980 and will be closed until Monday, December 29, 1980, at 8:30 a.m.

Please be advised that in the event the Note and Deed of Trust have not been signed by you and your wife by 10:00

a.m. on Tuesday, December 30, 1980, I will take the following action:

1. I will institute a civil procedure against you for the entire balance and will seek to attach all real property in which you have an interest in Lenoir County.

2. I will request the District Attorney of our Judicial District to investigate the facts and to bring the appropriate criminal action against you. In addition to possible Federal criminal violations and perhaps additional State violations, it is my opinion that you have clearly violated N.C.G.S. 14-90, a copy of which I have attached to this letter. This alone is a ten year felony.

If you have any questions regarding this letter or its contents, please direct your communications to me and not to Ellis Jones, Jr. As you know, this whole matter has greatly upset Ellis and he is having to take action which he does not desire but which I have advised him to take in view of the great seriousness of this matter.

Sincerely,

s/ ROBERT E. WHITLEY

Cc: Mr. Ellis Jones, Jr.

Attachment.

Enclosed with this letter was a copy of N.C. Gen. Stat. Sec. 14-90, with the word "Embezzlement" underlined in red. On 2 January 1981, after receiving this letter, plaintiffs went to the attorney's office and signed the deed of trust. Mr. Gillikin also signed a promissory note. The findings made by the trial judge clearly establish that plaintiffs would not have signed either instrument had Gillikin not been threatened with criminal prosecution.

"It is well-settled law that executory agreements . . . made in consideration of preventing, refraining, or suppressing prosecution for a crime are void as against public policy." *Frye v. Sovine,* 58 N.C. App. 731, 733, 294 S.E. 2d 748, 750 (1982). We think the rule is well stated in 17 Am. Jur. 2d, *Contracts* Sec. 206 (1964):

There appears to be no doubt that an agreement to make restitution of property stolen or funds embezzled is valid, so

long as the agreement does not contemplate that a criminal prosecution therefor shall be suppressed or stayed. . . . On the other hand, it is generally held . . . that if a threat to prosecute criminally induced the execution of a contract for the repayment of embezzled money, the agreement is invalid.

In the instant case, it is clear that plaintiffs signed the note and deed of trust in exchange for defendant's implicit agreement not to take the action, threatened in Mr. Whitley's letter, of requesting the District Attorney to investigate and "bring the appropriate criminal action" against Mr. Gillikin. We hold that the promissory note and the deed of trust, both dated 2 January 1981, are void as against public policy.

Because of our disposition as above set out, we find it unnecessary to discuss the several questions raised by plaintiff and defendants in their briefs. The result is: the judgment with respect to plaintiff Jo Anne J. Gillikin is affirmed; the judgment with respect to plaintiff William Gillikin is reversed, and the cause is remanded to the Superior Court for entry of an order declaring the note and deed of trust as it relates to Mr. Gillikin null and void and to be cancelled from the record; with respect to proceeding #81SP300, the cause is remanded to the Superior Court with directions that it remand proceeding #81SP300 to the Clerk of Superior Court for entry of an order dismissing the foreclosure proceeding.

Affirmed in part, reversed in part, and remanded.

Judges HILL and EAGLES concur.