**Judy DABERTIN, Plaintiff,**

v.

**HCR MANOR CARE, INC., Manor Care Inc. Severance Plan for Selected Employees, and Manor Care, Inc., Defendants.**

**No. 99 C 1702.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 25, 1999.

Martin K. Denis, Douglas M. Werman, Kathryn I. Connors, Barlow Kobata & Denis, Chicago, IL, for Judy Dabertin.

Douglas Avrin Freedman, Janet Malloy Link, Latham & Watkins, Chicago, IL, for Manor Care Inc., Manor Care Inc., Severance Plan for Selected Employees.

### MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

At issue before the court is Plaintiff Judy Dabertin's ("Plaintiff") Motion for Judgment on the Pleadings Regarding Defendants' Fifth Affirmative Defense and for a specified affirmative order flowing therefrom. For the reasons set forth below, Plaintiff's Motion is denied.

### FACTUAL BACKGROUND

Defendant, Manor Care, Inc. Severance Plan for Selected Employees (the "Manor

Care Plan"), creates severance benefits for selected employees of Defendant Manor Care, Inc. who satisfy certain conditions precedent. Under this Plan, employees are eligible for severance benefits if they voluntarily terminate their employment for "good reason," or if Manor Care, Inc. terminates them without cause. (*See* Defs.' Resp. at 2, Ex.A.) The Plan defines "good reason" as, among other things, "a significant reduction in the scope of a Participant's authority, position, title, functions, duties or responsibilities." *Id.*

Plaintiff, Judy Dabertin, is a former senior executive employee of Defendant Manor Care, Inc. During the course of her employment, she became a beneficiary of the Manor Care Plan. Plaintiff alleges that beginning on or about July 27, 1998, she suffered a reduction in the scope of her authority, position, title, functions, duties and responsibilities. Prior to that date, Plaintiff had a leadership role over the Central Division and West Division of HCR. After July 27, 1998, that leadership role was removed and Plaintiff's management responsibilities were limited only to the West Division. Furthermore, in a letter dated July 27, 1998, Plaintiff was informed that she would be eligible to participate in the Manor Care Plan's bonus plan. Plaintiff was informed that her target bonus would be reduced to 30% of her salary with a maximum of 45% of outstanding performance.[1] Subsequently, on October 21, 1998, Plaintiff's employment with Manor Care was terminated, allegedly for "good reason." On the day that her employment was terminated, October 21, 1998, Plaintiff applied for severance benefits under the Plan, and Defendants denied Plaintiff's application, refusing to pay the monies allegedly due her under the Plan.

As a result, Plaintiff filed this action and presently has before the court a five count First Amended Complaint. Counts I, II and III are under ERISA, and Counts IV and V are under state law for breach of

contract and violation of the Illinois Wage Payment and Collection Act, respectively.

Defendants' Fifth Affirmative Defense to the First Amended Complaint states that "[t]o the extent [the Employee Retirement Income Security Act ("ERISA") ] applies, it preempts Plaintiff's state law claims." The Plaintiff moves herein for judgment on the pleadings on Defendants' Fifth Affirmative Defense and for a consequent judgment order that the Manor Care Plan: (a) is *not* an employee welfare benefit plan or an employee benefit plan within the meaning of ERISA; (b) does *not* "relate to" an ERISA plan; and (c) that Plaintiff's Counts IV and V breach of contract and state wage claims are *not* preempted by ERISA.

### *ANALYSIS*

### I. DEFENDANTS' ANSWERS DO NOT AMOUNT TO JUDICIAL ADMISSIONS.

In Answer to Plaintiff's First Amended Complaint, Defendants replied to Plaintiff's ERISA claims, *inter alia,* by: (1) denying that this court has subject matter jurisdiction under ERISA (Ans.¶ 5); (2) denying that they sponsor certain employee welfare benefit plans providing benefits to employees within the meaning of ERISA (Ans.¶ 7); (3) denying that [the Manor Care Plan] is an " 'employee benefit plan' within the meaning of ERISA, 29 U.S.C. § 1002(3)" (Ans.¶ 11); (4) denying that they "exercised control over and authority over [the Manor Care Plan] within the meaning of ERISA, 29 U.S.C. § 1002(21)" (Ans.¶ 12); and (5) denying that "[the Manor Care Plan] is a welfare benefit plan for purposes of ERISA" (Ans.¶ 61).

Plaintiff argues that these and related denials in Defendants' Answer amount to judicial admissions which are fatal to Defendants' Fifth Affirmative Defense. It is

---

**1.** Plaintiff claims that prior to receiving that letter and in accordance with the Manor Care Plan, she had a target annual bonus of 43% of

her base salary with a 65% of salary maximum outstanding performance bonus payout.

Plaintiff's position that Defendants cannot judicially "admit" that the Manor Care Plan is *not* an ERISA plan or otherwise *not* subject to ERISA, while raising the affirmative defense that to the extent ERISA applies, Plaintiff's state law claims are preempted. (*See* Pl. Mot. at 5.)

Plaintiff's argument, however, is premised entirely on the assumption that Defendants' "admissions" are binding. "As a general rule, **factual** admissions are binding on a party as a judicial admission unless withdrawn or amended." (emphasis added) *Canon U.S.A., Inc. v. Nippon Liner System, Ltd.*, 1992 WL 137406, *2 (N.D.Ill.1992) (*citing Morales v. Department of Army*, 947 F.2d 766, 769 (5th Cir.1991); *American Title Insur. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *United States v. One Heckler–Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir.1980)). "Counsel's legal conclusions, however, are not binding as judicial admissions." (emphasis added) *Canon U.S.A., Inc. v. Nippon Liner System, Ltd.*, 1992 WL 137406, *2 (N.D.Ill.1992) (*citing Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) (citations omitted)). It is well established that judicial admissions on questions of law have no legal effect. *See Charter Bank v. Eckert*, 223 Ill.App.3d 918, 166 Ill.Dec. 282, 287, 585 N.E.2d 1304, 1309 (1992).

An examination of the relevant denials set forth in Defendants' Answer inexorably leads to the determination that these denials are legal conclusions, and therefore, not binding against Defendants as judicial admissions. All of the answers in question are conclusions regarding whether or not the Manor Care Plan is subject to the provisions of ERISA.[2] As Defendants' correctly point out, such conclusions' are legal in nature and are not binding as judicial admissions. *See Brock v. Gillikin*, 677 F.Supp. 398, 401 (E.D.N.C. 1987) (holding that whether a profit-sharing plan and trust agreement is an employee benefit plan within the meaning of ERISA is a "conclusion of law."); *Benvenuto v. Schneider*, 678 F.Supp. 51, 53 (E.D.N.Y.1988) (finding that whether a particular health and welfare fund was an employee welfare plan within the meaning of ERISA is a "conclusion of law."); *DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund*, 975 F.Supp. 258 (S.D.N.Y. 1997) (concluding that the question of whether a particular pension plan complies with the accrual provisions of ERISA is a legal issue.)

In light of the fact that the subject Answers set forth by Defendants' do not amount to judicial admissions, as alleged by Plaintiff, Plaintiff's Motion herein cannot be sustained.[3]

### CONCLUSION

In view of the foregoing, Plaintiff's Motion for Judgment on the Pleadings Regarding Defendants' Fifth Affirmative Defense and for an Order that Counts IV and V are Not Preempted by ERISA is denied.

---

2. The specific answers raised by Plaintiff deal with paragraphs 5, 7, 8, 9, 11, 12 and 61. Defendants' answers to paragraphs 5, 6, 9 and 11 state: "[b]ecause Paragraph [ ] contains legal conclusions of law as opposed to allegations of fact, no answer is required. To the extent that an answer is required, Defendants deny each and every allegation and legal conclusion in Paragraph [ ] of the Complaint."

Defendants' answers to paragraphs 7, 8, 12 and 61 state: "Defendants deny each and every allegation and legal conclusion in Paragraph [ ] of the Complaint."

3. Parenthetically, it perhaps bears noting that Fed.R.Civ.P. 8(e)(2) provides, in part, that: [a] party may set forth two or more statements of a...defense alternately or hypothetically, either in one...defense or in separate...defenses....A party may also state as many separate...defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds.