THE NORTH CAROLINA STATE BAR v. HARRY DuMONT, ATTORNEY

No. 58

(Filed 6 November 1979)

**Appeal and Error § 6.2— lack of jurisdiction alleged—refusal to dismiss—no appeal as matter of right**

An order of the hearing commission of the State Bar denying defendant's motion to dismiss on the ground of lack of jurisdiction was interlocutory, and defendant could not appeal therefrom as a matter of right. G.S. 7A-29.

APPEAL by defendant from the disciplinary hearing commission of the North Carolina State Bar.

*Harold D. Coley, Jr., for plaintiff-appellee.*

*McLean, Leake, Talman & Stevenson, by Wesley F. Talman and Joel B. Stevenson, and Adams, Kleemeier, Hagan, Hannah & Fouts, by Charles T. Hagan, Jr., and John P. Daniel, for defendant-appellant.*

PER CURIAM.

This cause consists of four consolidated disciplinary actions instituted in September 1978 by plaintiff against defendant, a licensed attorney. The conduct complained of allegedly took place in 1972 and 1974. The actions were brought before the disciplinary hearing commission of the North Carolina State Bar, an administrative agency created pursuant to Chapter 582 of the 1975 Session Laws (G.S. 84-28.1).

Defendant moved to dismiss the actions, one of the grounds being that said commission has no jurisdiction over the person of

defendant or the subject matter of the actions. The commission denied the motions to dismiss and defendant gave notice of appeal to the Court of Appeals.

Record on appeal was filed in the Court of Appeals on 17 April 1979 and the parties filed briefs. On 2 May 1979 defendant filed a petition pursuant to G.S. 7A-31 that the cause be heard by this court prior to determination by the Court of Appeals. On 5 June 1979 we allowed defendant's petition and issued a writ of certiorari ordering that the record be brought before this Court.

Plaintiff contends that the order denying defendant's motions to dismiss is interlocutory and that defendant has no right to appeal from said order. Plaintiff cites G.S. 7A-29 which provides as follows:

Appeals of right from certain administrative agencies.—From any *final* order or decision of the North Carolina Utilities Commission, the North Carolina Industrial Commission, the North Carolina State Bar pursuant to G.S. 84-28 or an appeal from the Commissioner of Insurance pursuant to G.S. 58-9.4, appeal lies of right directly to the Court of Appeals. (Emphasis added.)

Defendant contends that his appeal is authorized by G.S. 1-277 which provides as follows:

Appeal from superior or district court judge.—(a) An appeal may be taken from every judicial order or determination of *a judge of a superior or district court,* upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

(b) Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause. (Emphasis added.)

State Bar v. DuMont

We hold that an appeal in this cause is controlled by G.S. 7A-29. The order from which defendant attempts to appeal is interlocutory, therefore, he cannot appeal as a matter of right. We also hold that the writ of certiorari from this court was improvidently issued.

Appeal dismissed.

Petition for writ of certiorari denied.