STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION v. PUBLIC STAFF—NORTH CAROLINA UTILITIES COMMISSION

No. 9210UC864

(Filed 20 July 1993)

**Telecommunications § 1.1 (NCI3d)— telephone service—request for EAS—extent of polling—order not appealable**
    A Utilities Commission order authorizing only county seat polling rather than countywide polling with regard to a request for Extended Area Service (EAS) was not immediately appealable where the areas, if any, which will receive EAS have not yet been determined.

**Am Jur 2d, Administrative Law §§ 571 et seq.**

Appeal by Public Staff—North Carolina Utilities Commission from order entered 3 March 1992 by the North Carolina Utilities Commission. Heard in the Court of Appeals 18 June 1993.

*Dwight W. Allen, General Counsel, for intervenor-appellee Carolina Telephone and Telegraph Company.*

*A. S. Povall, Jr., General Attorney, for intervenor-appellee Southern Bell Telephone and Telegraph Company.*

STATE EX REL. UTILITIES COMM. v. PUBLIC STAFF

[111 N.C. App. 251 (1993)]

*Hunton & Williams, by Edward S. Finley, Jr., for intervenor-appellees Southern Bell Telephone and Telegraph Company and Carolina Telephone and Telegraph Company.*

*Burns, Day & Presnell, by F. Kent Burns and Daniel C. Higgins, for intervenor-appellee Service Telephone Company.*

*Public Staff, Robert P. Gruber, Executive Director, by Antoinette R. Wike, Chief Counsel, for intervenor-appellant Public Staff—North Carolina Utilities Commission.*

GREENE, Judge.

The Public Staff—North Carolina Utilities Commission (Public Staff) appeals from an order of the North Carolina Utilities Commission (the Commission) entered 3 March 1992.

In September, 1991, Public Staff, based on requests received for "Extended Area Service" (EAS) for Columbus County, that is, county-wide toll-free telephone service, requested that the Commission require Carolina Telephone and Telegraph Company and Southern Bell Telephone and Telegraph Company to determine the level of increased local rates if county-wide toll-free service was implemented, and that Service Telephone Company also present additional information. The Commission granted the request, and on 23 and 25 October, 1991, data was presented showing the level of increased rates. The telephone companies also presented the results of toll call studies, which showed a low number of calls per customer for the routes subject to the request for toll-free calling, the average being one call per customer per month.

On 24 February 1992, Public Staff requested that the Commission order polls of the subscribers of six exchanges to determine the need for county-wide EAS. On 3 March 1992, the Commission issued an order in response to this request, which stated in pertinent part that

> [t]he Commission does not believe that there is sufficient community of interest to move forward to polling Columbus County for county-wide EAS. However, the Commission does believe that sufficient community of interest exists to authorize polling for county-seat calling in Columbus County in exchanges which do not currently have it.

STATE EX REL. UTILITIES COMM. v. PUBLIC STAFF

[111 N.C. App. 251 (1993)]

The Commission, citing its Rule R9-7(d), which permits the Commission to rely upon toll call studies to help initially limit or narrow an EAS request, ordered a county-seat poll to determine the desire for EAS. From this order, Public Staff appeals.

---

The dispositive issue is whether the Commission's decision to order only county-seat, as opposed to county-wide, polling with regard to the requested EAS is ripe for judicial review.

Pursuant to N.C.G.S. § 62-90, "[a]ny party to a proceeding before the Commission may appeal from any *final* order or decision of the Commission," provided certain requirements are followed. N.C.G.S. § 62-90(a) (1989) (emphasis added). "An order [of an administrative agency] is not final but interlocutory when . . . the cause is retained for further action." 2 Am. Jur. 2d *Administrative Law* § 585, at 413 (1962).

Our Courts on several occasions have refused to become "prematurely involved in the administrative process and interfere in a decision-making process . . . which has not yet culminated in a final agency decision." *Granville County Bd. of Comm'rs v. North Carolina Hazardous Waste Management Comm'n*, 329 N.C. 615, 623, 407 S.E.2d 785, 789-90 (1991); *see also Richmond County v. The North Carolina Low-Level Radioactive Waste Management Auth.*, 108 N.C. App. 700, 425 S.E.2d 468 (1993). "To permit the interruption and cessation of proceedings before a commission by untimely and premature intervention by the courts would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies." *Elmore v. Lanier*, 270 N.C. 674, 678, 155 S.E.2d 114, 116 (1967).

In the instant case, Public Staff seeks appellate review of a decision by the Commission regarding the scope of its factual investigation into the EAS request. The areas, if any, which will receive EAS have not yet been determined. Until the Commission has reviewed the evidence collected and has made a final determination as to the appropriate extent of EAS in Columbus County, an appeal by Public Staff is premature.

Dismissed.

Judges EAGLES and LEWIS concur.