STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION AND OCEAN CLUB VENTURES, LLC, COMPLAINANT, APPELLEES v. BUCK ISLAND, INC., APPELLANT

No. COA02-1088

(Filed 17 June 2003)

**Utilities— jurisdiction—interlocutory appeal—no final decision by Commission**

An appeal from a Utilities Commission determination that Buck Island was a public utility and subject to the Commission's jurisdiction was dismissed as interlocutory. The Court of Appeals

STATE ex rel. UTILS. COMM'N v. BUCK ISLAND, INC.

[158 N.C. App. 536 (2003)]

has no jurisdiction to consider appeals of interlocutory orders of the Utilities Commission, even where an appellant challenges the Commission's exercise of jurisdiction. Moreover, the Court of Appeals has no authority to issue a writ of certiorari to review these issues where there is no final order or decision of the Commission. N.C.G.S. §§ 62-90, 7A-29.

Appeal by respondent from orders entered 20 March 2001 and 1 April 2002 by the North Carolina Utilities Commission. Heard in the Court of Appeals 21 May 2003.

*North Carolina Utilities Commission—Public Staff, by Chief Counsel Antoinette R. Wike and Staff Attorney Elizabeth Szafran, for intervenor-appellees.*

*Nelson Mullins Riley & Scarborough, LLC, by James H. Jeffries, IV, for complainant-appellee Ocean Club Ventures, LLC.*

*Hunton & Williams, by Edward S. Finley, Jr., and Sabrina Presnell Rockoff, for appellee Carolina Water Service, Inc.*

*John S. O'Connor, for intervenor-appellees Monteray Shores, Inc., and Robert and Laurie DeGabrielle.*

*Trimpi, Nash & Harman, L.L.P., by Thomas P. Nash, IV, and John G. Trimpi, for respondent-appellant Buck Island, Inc.*

MARTIN, Judge.

Complainant-appellee Ocean Club Ventures, L.L.C., ("O.C.V.") a developer, filed a complaint before the North Carolina Utilities Commission ("the Commission") against respondent-appellee Carolina Water Service, Inc., ("C.W.S.") after it had been unable to successfully negotiate with C.W.S. and intervenor-appellee Monteray Shores, Inc., another developer, for the provision of water and sewer service to O.C.V.'s future planned development known as Corolla Shores. The only water and sewer processing facilities convenient to Corolla Shores are owned jointly by Monteray Shores and appellant Buck Island, Inc., and leased and operated by C.W.S. The facilities are currently adequate to serve only Buck Island and Monteray Shores' respective developments, but would not be adequate to serve Corolla Shores without expansion. Monteray Shores moved to intervene in the proceeding; the motion was allowed by the Commission. By orders dated 20 March 2001 and 1 April 2002, the Commission, *inter alia,* declared that, as part owner of the water and sewer

processing facilities, Buck Island was a public utility as defined in G.S. § 62-3(23)a.2 and was thus subject to the Commission's jurisdiction. Buck Island gave notice of appeal.

Neither of the orders from which Buck Island appeals are final orders of the Commission. G.S. § 62-90 states in pertinent part:

> (a) Any party to a proceeding before the [Utilities] Commission may appeal from any *final order or decision* of the Commission . . . .

> (d) The appeal shall lie to the appellate division of the General Court of Justice as provided in G.S. 7A-29 . . . .

N.C. Gen. Stat. § 62-90 (2003) (emphasis added). G.S. § 7A-29 provides for appeals of right from certain administrative agencies as follows:

> (a) From any *final order or decision of the North Carolina Utilities Commission* not governed by subsection (b) of this section, the Department of Health and Human Services under G.S. 131E-188(b), the Commissioner of Banks under Articles 17, 18, 18A, and 21 of Chapter 53 of the General Statutes, the Administrator of Savings and Loans under Article 3A of Chapter 54B of the General Statutes, the North Carolina Industrial Commission, the North Carolina State Bar under G.S. 84-28, the Property Tax Commission under G.S. 105-290 and G.S. 105-342, the Commissioner of Insurance under G.S. 58-2-80, or the Secretary of Environment and Natural Resources under G.S. 104E-6.2 or G.S. 130A-293, appeal as of right lies directly to the Court of Appeals.

> (b) From any final order or decision of the Utilities Commission in a general rate case, appeal as of right lies directly to the Supreme Court.

N.C. Gen. Stat. § 7A-29 (2003) (emphasis added). In contrast, G.S. § 7A-27 provides for appeals of right from certain interlocutory orders of the superior or district courts. N.C. Gen. Stat. § 7A-27(d) (2003); *see also* N.C. Gen. Stat. § 1-277 (2003). We must conclude from the absence of any exceptions to § 62-90 or § 7A-29 allowing review of interlocutory orders of the Utilities Commission that the omission was intentional on the part of the General Assembly. Thus, this Court has no jurisdiction to consider appeals of interlocutory orders of the

Utilities Commission. *State, ex rel. Utilities Comm. v. Public Staff*, 111 N.C. App. 251, 431 S.E.2d 880 (1993). This is true even where an appellant challenges the Commission's exercise of jurisdiction over it. *See The North Carolina State Bar v. Du Mont*, 298 N.C. 564, 566, 259 S.E.2d 280, 281 (1979) (no appeal of right under G.S. § 7A-29 from interlocutory denial of motion to dismiss for lack of jurisdiction by disciplinary hearing commission of State Bar); *State ex rel. Utilities Comm. v. Southern Bell Tel. & Tel. Co.*, 93 N.C. App. 260, 268, 377 S.E.2d 772, 776 (1989) (noting in opinion addressing appeal of final order by Utilities Commission that two prior appeals in same action of orders asserting jurisdiction over appellant had been dismissed as interlocutory), *rev'd on other grounds*, 326 N.C. 522, 391 S.E.2d 487 (1990). Moreover, this Court has no authority to issue a writ of certiorari pursuant to G.S. § 7A-32(c) to review the issues raised by appellant where there is no final order or decision of the Commission. *See Martin v. Piedmont Asphalt & Paving*, 337 N.C. 785, 788, 448 S.E.2d 380, 381 (interpreting provisions of G.S. § 7A-29 and 7A-32 with regard to appeals from Industrial Commission), *writ of supersedeas dismissed*, 337 N.C. 801, 449 S.E.2d 473 (1994). Therefore, Buck Island's appeal is dismissed.

Dismissed.

Judges HUNTER and GEER concur.