IN THE MATTER OF METRIC CONSTRUCTORS, INC., AND AETNA CASUALTY AND SURETY COMPANY v. BRUCE A. LENTZ, SECRETARY OF THE DEPARTMENT OF ADMINISTRATION, STATE OF NORTH CAROLINA

No. 7610SC364

(Filed 6 October 1976)

1. **Administrative Law § 5— order requiring bid bond forfeiture — administrative decision — judicial review**

    A decision by the Secretary of the Department of Administration ordering petitioners to forfeit a bid bond or be subject to liability for twice the amount of the bond was an "administrative decision" within the purview of the statute providing for judicial review of such a decision, and petitioners were aggrieved persons entitled to seek judicial review of the decision. Former G.S. 143-307 (now G.S. 150A-43).

2. **Administrative Law § 5— review of administrative decision — sovereign immunity**

    The doctrine of sovereign immunity did not bar judicial review of an administrative decision by the Secretary of the Department of Administration ordering petitioners to forfeit a bid bond.

3. **Administrative Law § 5— review of administrative decision — appeal — certiorari**

    Generally, where there is no provision for appeal from an order of an administrative agency, the proper method for review is by certiorari; however, certiorari will not lie when statutes provide for appeal or review.

**4. Administrative Law § 5— appeal of administrative decision — certiorari as ancillary writ**

   Where judicial review of an administrative decision was provided for by statute, the reviewing court properly issued a writ of certiorari as an ancillary writ to require the administrative agency to send up the records and documents necessary to dispose of the appeal.

**5. Administrative Law § 5— stay of administrative decision pending appeal**

   The superior court did not err in staying the implementation of an administrative decision pending judicial review of the decision. Former G.S. 143-312 (now G.S. 150A-48).

APPEAL by defendant from orders of *Bailey, Judge,* entered 8 December 1975 and order of *Godwin, Judge,* entered 5 February 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 14 September 1976.

In this action plaintiffs seek judicial review of a decision by defendant, Secretary of the Department of Administration. Plaintiffs' pleadings, in pertinent part, show the following:

On 26 March 1974, shortly before 3:00 p.m., plaintiff Metric Constructors, Inc. (Metric), submitted a bid in the amount of $6,332,000 for construction of a state office building. The bid was accompanied by a bid bond in the amount of $316,600 executed by Metric and Aetna Casualty and Surety Company (Aetna).

At approximately 4:00 p.m., while bids were still being read, the vice-president of Metric advised the State's architect that a substantial error was made in the submitted bid in that the bid failed to include an item of more than $896,000 for structural steel. The error was later declared by defendant to be unintentional and clerical in nature. When the receiving of all bids was completed, a representative of Metric asked that its bid be withdrawn due to the erroneous calculation. At approximately 4:45 p.m. three representatives reviewed the worksheets with the State architect and explained the error. At 6:00 p.m. Metric sent a telegram to the Department of Administration stating that it was withdrawing its bid for the reason that the bid failed to include the cost of structural steel.

Thereafter Metric, the low bidder, refused to accept the award of the contract and declined to perform. Pursuant to Metric's request, defendant held a hearing at which he made findings of fact including in substance those above related. He then concluded that the request for release of the bid bond could

not be granted and that Metric should "forthwith make payment of the deposited bid bond or face double liability according to law."

Plaintiffs filed a petition for judicial review of an administrative decision pursuant to Chapter 143, Article 33, of the General Statutes; in the alternative, they asked for a writ of certiorari to review defendant's decision. Judge Smith entered an order staying the administrative decision pending review after which defendant filed motions asking that the stay order be set aside and that the petition for review be dismissed for lack of jurisdiction.

On 8 December 1975 Judge Bailey, following a hearing, entered (1) an order continuing Judge Smith's stay order and (2) a writ of certiorari directing defendant to certify to the superior court the record and all documents in his custody or control relating to this matter. On 5 February 1976 Judge Godwin entered an order denying defendant's motion to dismiss the action. Defendant appealed.

*Fleming, Robinson & Bradshaw, P.A., by J. Carlton Fleming and Joyner & Howison, by Robert C. Howison, Jr., for plaintiff appellees.*

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

BRITT, Judge.

Inasmuch as defendant is challenging the jurisdiction of the superior court to consider and determine this cause, we hold that he has the right of immediate appeal from the orders in question. G.S. 1-277 (b).

Defendant contends that his decision is not subject to judicial review and that the trial court erred in denying the motion to dismiss. We find no merit in this contention.

Former G.S. 143-307 (now 150A-43) provides that: "Any person who is aggrieved by a final administrative decision, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article . . . ." In the case of *In Re Appeal of Harris,* 273 N.C. 20, 159 S.E. 2d 539 (1968), the Supreme Court held that (former) Chapter 143, Article 33, of

the General Statutes entitled "Judicial Review of Decisions of Certain Administrative Agencies" is to be liberally construed to preserve and effectuate a person's right of review by the courts. While Chapter 143 of Article 33 was repealed by the 1973 General Assembly, effective 1 February 1976, the material provisions of said chapter are now set forth in Article 4 of Chapter 150A.

[1] Defendant argues that his action was not an "administrative decision" within the contemplation of the statute providing for judicial review. We reject this argument and ho¹d that the decision was rendered under former G.S. 143-306(2) in a proceeding in which the rights and duties of the parties were necessarily determined. To obtain judicial review under the former or present chapter, the party must also be an aggrieved person. As stated in *In Re Assessment of Sales Tax*, 259 N.C. 589, 595, 131 S.E. 2d 441, 446 (1963) : "The expression 'person aggrieved' has no technical meaning. What it means depends on the circumstances involved. It has been variously defined: 'Adversely or injuriously affected; damnified, having a grievance, having suffered a loss or injury, or injured; also having cause for complaint. More specifically the word(s) may be employed meaning adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights.' " Petitioners were aggrieved persons under former G.S. 143-307 when defendant ordered them to forfeit their $316,600.00 bid bond or be subject to liability for twice that amount.

[2] Defendant next contends that this action is barred by the doctrine of sovereign immunity. This contention also lacks merit. We note the action complained of took place before 2 March 1976 from which date the Supreme Court has held that sovereign immunity will no longer be a defense in an action against the State for breach of contract. *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976). Under the doctrine of sovereign immunity, "[t]he State is immune from suit unless and until it has expressly consented to be sued. It is for the General Assembly to determine when and under what circumstances the State may be sued." *Insurance Co. v. Commissioner of Insurance*, 254 N.C. 168, 173, 118 S.E. 2d 792, 795 (1961). The General Assembly has expressly provided a means of judicial review from administrative decisions, plaintiffs have properly followed the procedures set forth by the statutes, therefore, the present action is not barred by sovereign immunity.

**[3, 4]**  Defendant further argues that the court erred by issuing a writ of certiorari. Generally, where there is no provision for appeal from an order of an administrative agency, the proper method for review is by certiorari. Where statutes provide for appeal or review, certiorari will not lie. 1 Strong, N. C. Index 2d, Administrative Law § 5. In this case, the writ of certiorari was unnecessary for judicial review but it was not issued for that purpose. As stated in *Sanford v. Oil Co.*, 244 N.C. 388, 390, 93 S.E. 2d 560, 562 (1956) : "The writ of certiorari may likewise be used as an ancillary writ to require a lower court or administrative agency to send up to the Superior Court records, papers, documents, and other matter necessary to dispose of the appeal. . . ." Here, statutory authority has provided for judicial review. Nevertheless, the issuance of the writ of certiorari was a proper auxiliary process to enable the court to obtain the necessary information required to dispose of the matter already properly before it. *See* 2 McIntosh, N. C. Practice and Procedure 2d § 1861.

**[5]**  Defendant's final contention is that the court erred in staying implementation of his order pending judicial review of the administrative decision. We find no merit in this contention. G.S. 143-312 (now 150A-48) provides that: "At any time before or during the review proceedings the aggrieved person may apply to the reviewing court for an order staying the operation of the administrative decision pending the outcome of the review. The court may grant or deny the stay in its discretion upon such terms as it deems proper." We hold that the court properly entered the stay order.

On judicial review, the superior court must determine the issue whether Metric's bid was based upon an honest and good faith mistake, immediately communicated to the State before any change of position, and upon which equitable relief should be granted.

For the reasons stated, the orders appealed from are affirmed and this cause is remanded to the superior court for further proceedings.

Orders affirmed and cause remanded.

Judges PARKER AND CLARK concur.