WILLIAM M. ADAMS AND WIFE, ANN C. ADAMS, PLAINTIFFS v. JIM JONES AND AUTO MART, INC. A/K/A SMITHFIELD FORD LINCOLN MERCURY, INC., DEFENDANTS

No. 9311SC652

(Filed 5 April 1994)

1. **Appeal and Error § 119 (NCI4th)— action on note—summary judgment—punitive damages and attorney fees reserved—interlocutory—appeal heard to promote judicial economy**

An appeal was treated as a petition for certiorari in order to promote judicial economy where plaintiff filed an action seeking to enjoin foreclosure under a note, to have the contract, note, and deed of trust cancelled, and to recover damages under N.C.G.S. § 75-1.1; and the trial court granted partial summary judgment for plaintiff but expressly reserved the issues of punitive damages and attorney's fees for future determination. The judgment was interlocutory because it failed to dispose of the entire case.

**Am Jur 2d, Appeal and Error § 104.**

ADAMS v. JONES

[114 N.C. App. 256 (1994)]

**2. Contracts § 43 (NCI4th)— foreclosure on note—given in forbearance of criminal prosecution—void**

A contract, note, and deed of trust given in exchange for a promise not to pursue a criminal embezzlement action were void as against public policy.

**Am Jur 2d, Contracts §§ 272-274, 278.**

**3. Unfair Competition § 1 (NCI3d)— note—given in forbearance of criminal prosecution—Chapter 75 violation**

The trial court properly granted partial summary judgment for plaintiffs on a claim for unfair or deceptive acts under N.C.G.S. § 75-1.1 where plaintiffs entered into a contract and executed a note and deed of trust in consideration of defendant abstaining from criminal or civil remedies for embezzlement. A practice is unfair if it offends established public policy, as this does, and defendants' acts were in or affecting commerce since their purpose in executing the note was to recover embezzled money and to protect the financial interest of their business.

**Am Jur 2d, Contracts § 292.**

Appeal by defendants from order signed 23 March 1993 in Johnston County Superior Court by Judge William C. Gore, Jr. Heard in the Court of Appeals 9 March 1994.

On 13 June 1988, Alfred Coats and plaintiffs, Ann C. Adams, his mother, and William M. Adams, his step-father, entered into a contract with Smithfield Ford, Lincoln, Mercury, Incorporated (hereinafter Smithfield). The terms of the contract obligate plaintiffs to pay, over a period of time, a total of $25,000 to Smithfield. Plaintiffs executed a promissory note in the amount of $25,000 in favor of Smithfield. Smithfield is also the beneficiary of a deed of trust executed by plaintiffs to secure their debt. Defendant Jim Jones is the president and sole shareholder of defendant Auto Mart, Incorporated, formerly called Smithfield.

Plaintiffs filed this action on 29 December 1992 seeking to: (1) enjoin defendants from foreclosing under the terms of the note and deed of trust; (2) have the contract, note, and deed of trust cancelled; and (3) recover damages for defendants' violation of G.S. § 75-1.1. Plaintiffs moved for summary judgment. On 23 March 1993, the trial court granted partial summary judgment cancelling

the contract, note, and deed of trust and awarding plaintiffs compensatory damages which it then trebled under G.S. § 75-16. The trial court expressly reserved the issues of punitive damages and attorney's fees for future determination. Defendants appeal.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for plaintiffs-appellees.*

*Hewett and Hewett, by Alan B. Hewett, for defendants-appellants.*

WELLS, Judge.

[1] Initially, we note that the judgment appealed from is interlocutory because, by reserving judgment on the issues of punitive damages and attorney's fees, the trial court's judgment fails to dispose of the entire case. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 277, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Since the judgment appealed from does not affect a substantial right, defendants' appeal is subject to dismissal. N.C. Gen. Stat. §§ 1-277 and 7A-27. However, to expedite a decision in this case in order to promote judicial economy, pursuant to Rule 2 of the Rules of Appellate Procedure, we suspend the appellate rules and treat defendants' appeal as a petition for certiorari under Rule 21(a)(1) and grant it. *Kimzay Winston-Salem, Inc. v. Jester*, 103 N.C. App. 77, 404 S.E.2d 176, *rev. denied*, 329 N.C. 497, 407 S.E.2d 534 (1991).

[2] The forecast of evidence reveals that Alfred Coats embezzled $54,000 from Smithfield while he was employed as the credit manager. Paragraph ten of the contract provides:

> That in consideration of Coats and Adams paying said monies as noted hereinabove, Smithfield Ford agrees to abstain from pursuing any legal remedies available to it including both civil and criminal prosecution. However, it is clearly understood and agreed by the parties that in the event that either Coats or Adams fail to make timely payments as set forth hereinabove, Smithfield Ford is free to pursue all remedies available to it including both civil and criminal.

On 10 August 1988, plaintiffs began repaying their debt as set forth in the contract and promissory note. Plaintiffs made 31 payments, 25 to defendant Jim Jones and 6 to defendant Smithfield, totaling $10,043.37. Plaintiffs made their last payment on 10 October 1991. On 6 November 1992, the attorney for defendant Jones

ADAMS v. JONES

[114 N.C. App. 256 (1994)] .

notified plaintiffs that unless they made all past due payments foreclosure proceedings would be commenced.

The well-settled law in this State is that "executory agreements . . . made in consideration of preventing, refraining, or suppressing prosecution of a crime are void as against public policy." *See Gillikin v. Whitley*, 66 N.C. App. 694, 311 S.E.2d 677 (1984) and cases cited and relied upon therein. As the foregoing language from the contract discloses, plaintiffs signed the contract, note, and deed of trust in exchange for Smithfield's promise not to pursue criminal action against Alfred Coats. We therefore hold that the contract, note, and deed of trust are void as against public policy.

[3] G.S. § 75-1.1 declares unlawful "unfair or deceptive acts or practices in or affecting commerce." For plaintiffs to be entitled to recover damages under § 75-16, they must show that defendants' conduct was "in or affecting commerce" and "unfair." A practice is unfair if it offends established public policy. *Marshall v. Miller*, 302 N.C. 539, 276 S.E.2d 397 (1981). Based on our holding that the contract, note, and deed of trust executed by plaintiffs are void as against public policy, the only remaining question is whether defendants' conduct was "in or affecting commerce." For purposes of G.S. § 75-1.1, commerce "includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." Since defendants' purpose in executing the contract, note, and deed of trust was to recover the money embezzled by Alfred Coats and thereby to protect the financial interests of Smithfield, defendants' acts were "in or affecting commerce."

The trial court properly granted partial summary judgment in favor of plaintiffs because, on the basis of the materials presented to the trial court, there existed no genuine issues of material fact, and plaintiffs were entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 of the Rules of Civil Procedure. We note that should plaintiffs succeed in their claim to recover punitive damages they will be required to elect between that recovery and the recovery allowed by the partial summary judgment we have affirmed. *See Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 344 S.E.2d 297, *rev. denied*, 318 N.C. 283, 347 S.E.2d 464 (1986).

Accordingly, the order appealed from is

Affirmed.

Judges ORR and WYNN concur.