WILLIAM D. MARTIN, EMPLOYEE-PLAINTIFF, RESPONDENT v. PIEDMONT ASPHALT & PAVING, EMPLOYER-DEFENDANT, AND THE PMA GROUP, CARRIER-DEFENDANT, PETITIONERS

No. 6PA94

(Filed 6 October 1994)

**Workers' Compensation § 438 (NCI4th)— order by deputy commissioner—allowance of writ of certiorari—no genuine controversy—authority exceeded**

.The Court of Appeals exceeded its proper authority under N.C.G.S. § 7A-29(a) by allowing plaintiff's petition for a writ of certiorari to review a workers' compensation order entered by a deputy commissioner and by rendering a decision on the statutory and constitutional validity of the procedures ordinarily employed to stop compensation under Form 24 and Rule 404 of the Industrial Commission since (1) no final order or award had been entered by the Commission itself, and (2) plaintiff, having received the benefit of an opinion and award by a deputy commissioner ordering that disability payments to the plaintiff be resumed from the date of the last payment he had received, no longer had any legally cognizable interest in the Commission's procedures under Form 24 and Rule 404, and there was thus no genuine controversy between the parties.

**Am Jur 2d, Workers' Compensation §§ 688, 696.**

On discretionary review of a decision of the Court of Appeals, 113 N.C. App. 121, 437 S.E.2d 696 (1993). Heard in the Supreme Court on 14 September 1994.

*Walden & Walden, by Daniel S. Walden and Margaret D. Walden, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo and Paige E. Williams, for defendants-appellants Piedmont Asphalt & Paving Company and The PMA Group.*

MARTIN v. PIEDMONT ASPHALT & PAVING

[337 N.C. 785 (1994)]

*Michael F. Easley, Attorney General, by Elisha H. Bunting, Jr., Special Deputy Attorney General, for the intervenor defendant-appellant North Carolina Industrial Commission.*

*Bailey and Dixon, by J. Ruffin Bailey, David M. Britt and Alan J. Miles, for the American Insurance Association, amicus curiae.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis and Julie A. Alagna, for the North Carolina Association of Defense Attorneys, amicus curiae.*

*Cranfill, Sumner & Hartzog, L.L.P., by Edward C. LeCarpentier, III, for the North Carolina Association of Self-Insurers, amicus curiae.*

PER CURIAM.

Plaintiff William D. Martin suffered an injury by accident on 13 September 1989 while working for the defendant Piedmont Asphalt & Paving Company. The parties executed an "Industrial Commission Form 21 Agreement for Compensation for Disability" which was approved by the North Carolina Industrial Commission on 1 November 1989. Defendant insurance carrier, The PMA Group, filed an "Industrial Commission Form 24 Application to Stop Payment of Compensation" with the Commission on 7 August 1990 and stopped payments of compensation to plaintiff on that date. A copy of this form was mailed to plaintiff, as required by Rule 404 of the Workers' Compensation Rules of the North Carolina Industrial Commission entitled "Termination of Compensation." The Form 24 application was approved on 23 August 1990 by Ms. Martha Barr, Chief Claims Examiner of the Commission, thereby administratively suspending plaintiff's temporary total disability compensation benefits.

On 3 July 1991, plaintiff requested a hearing to contest the suspension of his benefits. The requested hearing was held in part before Deputy Commissioner Tamara Nance on 5 November 1991. Deputy Commissioner Nance entered an Opinion and Award on 3 June 1992 holding that plaintiff was entitled to temporary total disability compensation from 7 August 1990, when such payments had been stopped pursuant to approval of the Form 24 application. Deputy Commissioner Nance held in abeyance any decision on plaintiff's constitutional and statutory challenges to Form 24 and the procedures

MARTIN v. PIEDMONT ASPHALT & PAVING

[337 N.C. 785 (1994)]

employed thereunder and made no ruling on plaintiff's motion for a penalty and attorney fees.

Plaintiff filed a Notice of Application for Review on 16 June 1992 seeking review by the Industrial Commission of the statutory and constitutional validity of the Commission's Form 24 procedures and Rule 404. Prior to any such review by the Commission, however, the plaintiff filed a Notice of Appeal to the Court of Appeals on 28 October 1992 purporting to appeal as a matter of right *inter alia* from the Opinion and Award of Deputy Commissioner Nance. He served a proposed Record on Appeal on defendants on 19 November 1992. Before defendants were required to serve objections, amendments, or a proposed alternative Record on Appeal pursuant to Rule 18(d) of the Rules of Appellate Procedure, the Commission entered an order on 24 November 1992 dismissing plaintiff's appeal to the Court of Appeals. Relying on this order, defendants did not file objections, amendments, or a proposed alternative Record on Appeal.

On 23 December 1992, plaintiff filed a renewed Notice of Appeal to the Court of Appeals and a petition to that court for writ of certiorari. He also submitted a Record on Appeal to the Court of Appeals. Defendants moved that the Court of Appeals dismiss plaintiff's appeal. In its opinion filed on 21 December 1993, the Court of Appeals recognized that plaintiff's purported appeal was from an order of a deputy commissioner rather than from the Industrial Commission and, therefore, was not a proper appeal. The Court of Appeals nevertheless stated that since the case involved matters of important public policy, it deemed it appropriate to issue its writ of certiorari to review the actions and proceedings of the Commission revealed in the record. The Court of Appeals then went on to conclude that no statutory authority existed to support the Commission's Rule 404 and Form 24 procedures and that the Commission had exceeded its authority in adopting and applying them. The Court of Appeals held that its decision in that regard was to have prospective effect only. The Court of Appeals held that Form 24 proceedings pending before the Commission must be terminated and Form 24 applications received thereafter must be rejected.

The Commission filed a petition with this Court for writ of supersedeas and a motion for temporary stay of the judgment of the Court of Appeals. On 11 January 1994, this Court allowed the motion for temporary stay. On 3 March 1994, this Court allowed petitions for discretionary review of the decision of the Court of Appeals filed by the

Commission and by defendants Piedmont Asphalt & Paving Company and The PMA Group.

As the Court of Appeals recognized in its opinion, it had no authority to hear an appeal by the plaintiff in the present case, since no "final order or decision" had been entered by the North Carolina Industrial Commission. N.C.G.S. § 7A-29(a) (1989). Therefore, the Court of Appeals chose to issue a writ of certiorari pursuant to the powers vested in it by N.C.G.S. § 7A-32(c) to "supervise and control the proceedings of . . . the Industrial Commission." We conclude that the Court of Appeals exceeded its proper authority under that statute in the present case.

The only orders which had been entered in the plaintiff's case were orders entered by a claims examiner and by a deputy commissioner; no final order or award had been entered by the Commission itself. Therefore, the Commission had taken no action in this case for the Court of Appeals to review.

Further, the Court of Appeals failed to follow established precedent to the effect that the appellate courts of this state will not issue opinions where there is no genuine controversy between the parties before them. Plaintiff, having received the benefit of an opinion and award by a deputy commissioner ordering that the payments to the plaintiff be resumed from the date of the last payment he had received, no longer had any legally cognizable interest in the Commission's procedures under Form 24 and Rule 404. As this Court has previously pointed out, it is not a proper function of courts "to give advisory opinions, or to answer moot questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of some academic matter." *Adams v. North Carolina Department of Natural and Economic Resources*, 295 N.C. 683, 704, 249 S.E.2d 402, 414 (1978) (quoting *Poore v. Poore*, 201 N.C. 791, 161 S.E. 532 (1931)). Here, the Court of Appeals rendered a decision on the statutory and constitutional validity of the procedures ordinarily employed under Form 24 and Rule 404 of the Commission, ruling upon those questions in the abstract and without the presence of injured parties. We conclude that the decision of the Court of Appeals exceeded that court's proper exercise of its discretionary powers and must be vacated. *See Great Southern Media v. McDowell County*, 304 N.C. 427, 284 S.E.2d 457 (1981) (refusing to consider a due process challenge to tax notices published in newspapers because the question could not be decided in the abstract without the presence of

injured parties). Therefore, the additional issues brought forward by plaintiff in his response to defendants' petitions to this Court need not be reviewed here; as to those issues, we conclude that discretionary review was improvidently allowed.

For the foregoing reasons, the decision of the Court of Appeals is vacated.

Vacated.