N.C. CENTRAL UNIVERSITY, Petitioner-Appellant, v. BOYD S. TAYLOR, Respondent-Appellee

No. COA95-755

(Filed 4 June 1996)

**1. Appeal and Error § 292 (NCI4th)— superior court—certiorari to administrative agency—review by certiorari in Court of Appeals**

There is no appeal provided by statute from an interlocutory order of the superior court granting or denying a writ of certiorari to an administrative agency. Therefore, appellant should have filed a petition for a writ of certiorari with the Court of Appeals pursuant to Appellate Rule 21(b) to obtain review of the superior court's partial denial of a writ of certiorari seeking review of an administrative law judge's order denying appellant's motion for summary judgment.

Am Jur 2d, Certiorari §§ 5-14.

**2. Administrative Law and Procedure § 51 (NCI4th)— superior court review of interlocutory agency decision—writ of certiorari improperly granted**

North Carolina Central University's petition for writ of certiorari filed in the superior court should have been denied *in toto* because it failed to allege or show that no appeal from the administrative law judge's denial of summary judgment was provided by law. Had the superior court not issued a partial writ of certiorari, an administrative hearing would have ensued; thereafter the administrative law judge would have issued a recommended decision to the State Personnel Commission, which would have then issued a final agency decision; and if the State Personnel Commission had decided against North Carolina Central University, it would be entitled to judicial review in the superior court.

Am Jur 2d, Administrative Law § 554; Certiorari §§ 15 et seq.

Appeal by petitioner from an order entered 20 April 1995 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 20 March 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas O. Lawton, III, for the State.*

*McSurely, Dorosin & Osment, by Alan McSurely, Mark Dorosin and Ashley Osment, for petitioner appellee.*

SMITH, Judge.

**[1]** This case involves appellee Boyd Taylor's rights to priority reemployment consideration under North Carolina law resulting from a Reduction in Force ("RIF") and veteran's preference consideration by appellant, North Carolina Central University ("NCCU"). Both parties attempt to appeal a superior court order which partially denied and partially granted NCCU's petition for certiorari from an administrative law judge's ("ALJ") order denying NCCU's motion for summary judgment. There is no appeal provided by statute from an interlocutory order of the superior court granting or denying certiorari to an administrative agency. Therefore, the parties' attempted appeals in this case are defective and subject to dismissal.

Because no appeal is provided by statute, NCCU should have filed a petition for writ of certiorari with this Court pursuant to Appellate Rule 21(b) to obtain this Court's review of the superior court's partial denial of certiorari. Mr. Taylor's attempt to cross-assign error to the partial granting of certiorari and dismissal of the RIF claim was improper as the alleged error did not "deprive[] the appellee of an alternative basis in law for supporting the judgment . . . from which appeal has been taken." N.C.R. App. P. 10(d) (1995). Therefore, these issues are not properly before this Court. However, pursuant to Appellate Rule 21, and in our discretion, we treat the purported appeals of the parties as petitions for certiorari which are allowed pursuant to N.C. Gen. Stat. § 7A-32(c) (1995). *Munn v. Munn*, 112 N.C. App. 151, 435 S.E.2d 74 (1993). We now address the parties' issues in order to expedite a decision in this case and to promote judicial economy. *See Adams v. Jones*, 114 N.C. App. 256, 258, 441 S.E.2d 699, 700 (1994). For the reasons stated herein, that part of the superior court's order partially granting NCCU's petition for certiorari is vacated. That part of the order partially denying NCCU's petition is affirmed.

The relevant facts and procedural history are as follows: In September 1988, Mr. Taylor was hired by NCCU as a Food Service Director III, at pay grade 74. In November 1991, the University separated Taylor as a result of a RIF. He was advised that the circum-

N.C. CENTRAL UNIVERSITY v. TAYLOR

[122 N.C. App. 609 (1996)]

stances under which he was leaving subjected him to the RIF policy, which provides certain separated employees priority reemployment consideration.

In August 1991, a pay grade 65 Purchasing Agent I position was posted by the University. Mr. Taylor applied and was interviewed for the job. However, a temporary employee was recommended for the position. In January 1992, Taylor contacted Mavis B. Lewis, Director of Personnel at NCCU, with regard to his priority employment rights under the RIF policy. Ms. Lewis informed Joyce Page, Director of Purchasing at NCCU, that Mr. Taylor should be hired for the position based upon his RIF status. Mr. Taylor was not hired and thereafter filed an internal grievance.

On 22 April 1992, the non-academic personnel appeals committee of NCCU found that Mr. Taylor's rights to priority consideration were violated and recommended he be placed in the first available position for which he met minimum requirements. Chancellor Donna J. Benson agreed with the committee's decision and informed Mr. Taylor that his priority reemployment status would be reinstated immediately.

In August 1992, Taylor accepted a position with NCCU for which the salary was $12,915 less than that of his previous position. On 18 September 1992, Mr. Taylor's attorney wrote Ms. Benson informing her that Taylor's priority reemployment consideration was "mishandled," stating the purchasing job was filled "in spite of Mr. Taylor's double priority considerations (Vietnam-era veteran and RIF'ed status) . . . ."

As of 21 March 1994, Mr. Taylor had not received a final decision regarding the University's failure to hire him for the purchasing position. He believed it was futile to again request a final decision. Thus, he filed a contested case petition with the Office of Administrative Hearings ("OAH") on 24 May 1994, pursuant to N.C. Gen. Stat. §§ 126-37 (1995) and 150B-23 (1995). In his contested case petition, a standardized OAH form, Taylor alleged "RIF reemployment rights and due process." He did not reference his veteran's preference claim in the petition. However, he did raise the issue of veteran's preference in the letter to Ms. Benson and in his prehearing statement.

On 24 August 1994, NCCU filed a motion for summary judgment with OAH which was subsequently denied by the ALJ. On 4 January 1995, the superior court granted a temporary stay of the proceedings

in OAH. On 20 April 1995, the superior court granted NCCU's petition for certiorari regarding OAH's jurisdiction over Mr. Taylor's RIF claim and dismissed that portion of Taylor's contested case. The superior court denied NCCU's petition for certiorari with regard to whether OAH had jurisdiction over Taylor's veteran's preference claim.

[2] Appellant NCCU now contends that the superior court erred by partially denying its petition for certiorari on the veteran's preference claim because sovereign immunity precludes Mr. Taylor from pursuing this claim. Mr. Taylor argues the superior court erred by partially granting NCCU's petition. We conclude that the superior court should not have issued the writ of certiorari on the issue of Taylor's RIF status. Thus, we vacate the partial issuance of the writ. The superior court's partial denial of NCCU's petition on Taylor's veteran's preference claim is affirmed.

Certiorari is a common law writ which, in an appropriate case, may issue from a superior court to an inferior body exercising judicial or quasi-judicial powers to send up the record of a particular case for review. *Mize v. County of Mecklenburg*, 80 N.C. App. 279, 282, 341 S.E.2d 767, 769 (1986). However, our courts have frequently observed that a writ of certiorari is an extraordinary remedial writ. *Pue v. Hood*, 222 N.C. 310, 22 S.E.2d 896 (1942).

Issuance of a writ of certiorari is within the discretion of the reviewing court. *See, e.g., King v. Taylor*, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924); *State v. Grundler and State v. Jelly*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 4 L.Ed.2d 738 (1960). Thus, in our review of the superior court's grant or denial of certiorari to an inferior tribunal, we determine only whether the superior court abused its discretion. We do not address the merits of the petition to the superior court in the instant case. *See Belk's Department Store, Inc. v. Guilford County*, 222 N.C. 441, 445, 23 S.E.2d 897, 901 (1943). We find that the superior court did abuse its discretion by partially granting NCCU's petition for certiorari and therefore vacate that order.

This Court has held that before a writ of certiorari will appropriately issue, the moving party bears the burden of "demonstrat[ing]: (1) no appeal is provided at law; (2) a *prima facie* case of error below; and (3) merit to its petition." *House of Raeford Farms v. City of Raeford*, 104 N.C. App. 280, 284, 408 S.E.2d 885, 888 (1991) (citations omitted). Failure to meet the pleading requirements for this

extraordinary writ deprives the superior court of subject matter jurisdiction of the particular matter over which the moving party seeks review. *Id.* at 283-84, 408 S.E.2d at 887-88.

NCCU's petition for writ of certiorari to the superior court is deficient in its failure to allege or show that no appeal from the ALJ's denial of summary judgment is provided by law. The statutory framework within which this action was commenced, the Administrative Procedure Act, N.C. Gen. Stat. §§ 150B, *et seq.*, creates a right of judicial review for NCCU. Had the superior court not issued a partial writ of certiorari, an administrative hearing would have ensued. Thereafter, the ALJ would have issued a recommended decision to the State Personnel Commission, which would have then issued a final agency decision. *See* N.C. Gen. Stat. § 126-37(a) (1995).

Subsequently, if the State Personnel Commission decided against NCCU, the University would be entitled to judicial review in the superior court. N.C. Gen. Stat. §§ 126-37 and 150B-43. By providing for judicial review of a *final* agency decision, the General Assembly has expressed an intent that courts are not to review interlocutory administrative decisions. *See* N.C. Gen. Stat. § 150B-51.

"Where a statute provides for 'an orderly procedure for an appeal to the superior court for review . . . this procedure is the exclusive means for obtaining judicial review,' and a civil action is only proper after all administrative remedies have been *exhausted.*" *Johnson v. N.C. Dept. of Transportation*, 107 N.C. App. 63, 70, 418 S.E.2d 700, 705 (1992) (quoting *State v. House of Raeford Farms*, 101 N.C. App. 433, 442, 400 S.E.2d 107, 113 (1991)) (emphasis added). NCCU has not yet exhausted all available administrative remedies.

Certiorari is to be granted in situations where no appeal is available and not, as here, for purposes of avoiding prerequisite procedural stages. *See In re Metric Constructors*, 31 N.C. App. 88, 92, 228 S.E.2d 533, 535-36 (1976). Until a final agency decision has been issued, there is no action for the superior court to review. Thus, the superior court did not have subject matter jurisdiction to grant the petition seeking the writ of certiorari. *See Martin v. Piedmont Asphalt & Paving*, 337 N.C. 785, 788, 448 S.E.2d 380, *supersedeas dismissed*, 337 N.C. 801, 449 S.E.2d 473 (1994) (Court of Appeals without authority to issue writ of certiorari to review decision of Deputy Commissioner of Industrial Commission). It necessarily follows that any orders issued by the superior court adjudicating the petition for certiorari must be vacated. *Id.* at 788, 448 S.E.2d at 382 (issuance of

writ of certiorari exceeding the court's proper exercise of its discretionary powers must be vacated).

In summary, NCCU's petition for writ of certiorari to the superior court should have been denied *in toto* because NCCU has a right to judicial review of a final agency decision. For this reason the superior court's partial grant of certiorari on the RIF claim is vacated. Denial of certiorari on petitioner's veteran's preference claim is affirmed. Case remanded to superior court for further remand to OAH.

Vacated in part, affirmed in part.

Judges GREENE and LEWIS concur.