IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-777

Filed: 21 April 2020

Wake County, No. 15 CR 1985

STATE OF NORTH CAROLINA

v.

ROGELIO ALBINO DIAZ-TOMAS, Defendant.

Appeal by defendant from order entered 24 July 2019 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 22 January 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Law Offices of Anton M. Lebedev, by Anton M. Lebedev, for defendant-appellant.*

YOUNG, Judge.

Where defendant failed to demonstrate that the Superior Court abused its discretion in denying his petition for certiorari, we affirm that decision. Where the District Court's denial of defendant's motion to reinstate charges is not properly before us, we dismiss such argument. Where mandamus is not an appropriate remedy, we deny defendant's petitions for writ of mandamus. Where defendant requests that we take judicial notice of local rules, but declines to show for what

purpose we must do so, we deny defendant's motion to take judicial notice. We affirm in part and dismiss in part.

## I. Factual and Procedural Background

On 5 April 2015, Rogelio Albino Diaz-Tomas (defendant) was cited for driving while impaired and without an operator's license. Defendant was told to appear in Wake County District Court for a hearing on the citation. On 25 February 2016, the Wake County District Court issued an order for arrest due to defendant's failure to appear. On 11 July 2016, the State entered a dismissal with leave of the charges.

On 24 July 2018, defendant was arrested and ordered to appear. On 13 November 2018, the court issued another order for defendant's arrest due to his failure to appear. On 12 December 2018, he was again arrested and ordered to appear.

On 28 January 2019, defendant filed a motion in Wake County District Court to reinstate the charges that the State had previously dismissed with leave. Defendant sought a writ of mandamus from the North Carolina Supreme Court, which the Court denied on 26 February 2019. On 15 June 2019, the Wake County District Court denied defendant's motion to reinstate the charges, holding that the State acted within its discretion and statutory authority by entering a dismissal with leave.

On 22 July 2019, defendant filed a petition for writ of certiorari in Wake County Superior Court, seeking review of the District Court's denial of his motion to reinstate the charges. On 24 July 2019, the Superior Court, in its discretion, denied and dismissed defendant's petition for writ of certiorari.

Defendant filed a petition for writ of certiorari to this Court. On 15 August 2019, this Court granted defendant's petition for the purpose of reviewing the order of the Superior Court denying defendant's petition for certiorari filed in that court.

## II. Preliminary Motions

In addition to his arguments on appeal, defendant has filed two petitions for writ of mandamus and one motion to take judicial notice. For the following reasons, we deny all three.

With respect to his petitions for writ of mandamus, defendant seeks a writ compelling the District Court to grant his motion to reinstate the charges. In essence, he seeks to attack the District Court's denial of his motion collaterally, rather than on appeal, by requesting that we compel the District Court to reverse itself.

However, "[a]n action for *mandamus* may not be used as a substitute for an appeal." *Snow v. N.C. Bd. of Architecture*, 273 N.C. 559, 570, 160 S.E.2d 719, 727 (1968). Our Supreme Court has held that "*mandamus* is not a proper instrument to review or reverse an administrative board which has taken final action on a matter within its jurisdiction." *Warren v. Maxwell*, 223 N.C. 604, 608, 27 S.E.2d 721, 724

(1943). Rather, if statute provides no right of appeal, "the proper method of review is by *certiorari*." *Id.* As such, defendant's petitions – seeking to reverse the decision of the District Court – are not properly remedied by mandamus, but by appeal or certiorari, the latter of which defendant in fact pursued in Superior Court.

Moreover, even if mandamus offered an appropriate remedy, this Court would not be the appropriate venue. "Applications for the writ[] of mandamus . . . shall be made by filing a petition therefor with the clerk of the court to which appeal of right might lie from a final judgment entered in the cause[.]" N.C.R. App. P. 22(a). From a final judgment entered in Wake County District Court, appeal of right lies to Wake County Superior Court. *See* N.C. Gen. Stat. § 7A-271(b) (2019). As such, a petition for writ of mandamus would properly have been filed with the Superior Court, not with this Court. For these reasons, we deny defendant's petitions for writ of mandamus.

With respect to defendant's motion to take judicial notice, defendant requests that this Court take judicial notice of the Wake County Local Judicial Rules. While defendant is correct that these rules are of a sort of which this Court may properly take judicial notice, defendant offers no reason for us to do so. His argument does not rely upon nor cite to these Rules. Nor need we rely upon them for our reasoning, as shown below. As such, we decline to take judicial notice of the Wake County Local Judicial Rules, and deny this motion as well.

III. Petition for Certiorari

In his second argument on appeal, which we address first, defendant contends that the Superior Court erred in denying his petition for certiorari. We disagree.

A. Standard of Review

"The authority of a superior court to grant the writ of certiorari in appropriate cases is . . . analogous to the Court of Appeals' power to issue a writ of certiorari[.]" *State v. Hamrick*, 110 N.C. App. 60, 65, 428 S.E.2d 830, 832-33 (1993). "*Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and it is not one to which the moving party is entitled as a matter of right." *Womble v. Moncure Mill & Gin Co.*, 194 N.C. 577, 579, 140 S.E. 230, 231 (1927). "[I]n our review of the superior court's grant or denial of certiorari to an inferior tribunal, we determine only whether the superior court abused its discretion. We do not address the merits of the petition to the superior court in the instant case." *N.C. Cent. Univ. v. Taylor*, 122 N.C. App. 609, 612, 471 S.E.2d 115, 117 (1996), *aff'd per curiam,* 345 N.C. 630, 481 S.E.2d 83 (1997).

"Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

B. Analysis

Defendant, in his brief, concedes that the decision whether to grant certiorari is discretionary. He argues, nonetheless, that "just because *certiorari* is a discretionary writ does not mean that the Superior Court can deny the writ for any reason."

While defendant is certainly correct in essence – the discretion of a trial court is not blanket authority, and must have some basis in reason – his argument goes too far afield. Defendant proceeds to argue, in essence, that the trial court abused its discretion in denying the writ because he was *entitled* to it. Defendant argues, for example, that he demonstrated "appropriate circumstances" for the issuance of a writ "to review this compelling interlocutory issue[;]" that the court should have allowed the petition due to its potential influence on the outcome of other Wake County cases; and ultimately that the Superior Court apparently had an obligation to grant certiorari.

These arguments must fail. The Superior Court is under no obligation to grant certiorari. While certainly it must have some reason for denying the writ, that does not equate to an affirmative duty to grant it. Even assuming *arguendo* that the District Court's denial of defendant's motion to reinstate the charges was erroneous, the Superior Court was not obligated to grant certiorari to review it. The result would be unfortunate, but such is the case with discretionary writs. They are, by nature, discretionary.

On appeal, defendant bears the burden of showing that the decision of the Superior Court in denying his petition for certiorari was "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Hennis*, 323 N.C. at 285, 372 S.E.2d at 527. It is not enough that he disagree with it, or argue – incorrectly – that the trial court was obligated to grant his petition. Defendant has to show that the Superior Court's decision was unsupported by reason or otherwise entirely arbitrary. We hold that he has failed to do so. Accordingly, we hold that the trial court did not err in denying defendant's petition for certiorari.

## IV. Motion to Reinstate Charges

Defendant also contends on appeal that the District Court erred in denying his motion to reinstate charges. However, as we have held, the Superior Court did not err in denying his petition for certiorari. Additionally, we note that this Court granted certiorari solely for the purpose of reviewing the Superior Court's denial of certiorari, not for the purpose of reviewing the District Court's denial of the motion to reinstate charges. Indeed, on review of an appeal from the superior court's denial of certiorari, "[w]e do not address the merits of the petition[,]" which in the instant case would be whether the District Court erred in denying the motion to reinstate the charges. *N.C. Cent. Univ.*, 122 N.C. App. at 612, 471 S.E.2d at 117. As such, this argument is not properly before us, and is moot. We therefore decline to address it, and dismiss it.

AFFIRMED IN PART, DISMISSED IN PART.

Judge BERGER concurs.

Judge ZACHARY concurs in part and dissents in part by separate opinion.

No. COA19-777 – *State v. Diaz-Tomas*

ZACHARY, Judge, concurring in part, dissenting in part.

I concur with the conclusion reached in Section IV of the majority's opinion regarding Defendant's arguments concerning the district court's "Order Denying Defendant's Motion to Reinstate Charges." As the majority explains, that order is not before this Court. We allowed Defendant's petition for writ of certiorari for the limited purpose of reviewing the superior court's "Order Denying Petition for Writ of Certiorari." *Majority* at 7. Accordingly, we lack jurisdiction over the district court's order, and Defendant's challenge thereto is improper.

As discussed below, I also agree with the majority that mandamus is an improper remedy to redress the errors alleged in this matter, although I reach this result for different reasons than the majority. However, I respectfully dissent from the remainder of the majority's opinion.

First, I would allow Defendant's "Motion to Take Judicial Notice of Current Local Rules." While noting that the Wake County Local Judicial Rules are indeed "of a sort of which this Court may properly take judicial notice," the majority nevertheless denies Defendant's motion on the grounds that he "offers no reason for us to do so. His argument does not rely upon nor cite to these Rules. Nor need we rely upon them for our reasoning . . . ." *Id.* at 4. I respectfully disagree. Defendant asserts in his motion that "[t]he local rules are inconsistent with the District Court's

actions in this instant case." Furthermore, it is manifest that in order to conduct a full and thorough appellate review of the superior court's order—as is our mandate in this appeal, pursuant to our Court's 15 August 2019 order allowing Defendant's petition for writ of certiorari—we must necessarily review the allegations of Defendant's underlying petition.

Moreover, as explained below, I cannot agree with the majority's analysis regarding the superior court's denial of Defendant's petition for writ of certiorari. For these reasons, I respectfully concur in part, and dissent in part, from the majority's opinion.

*Facts and Procedural History*

On 4 April 2015, Defendant was charged by criminal citation with driving while impaired, in violation of N.C. Gen. Stat. § 20-138.1 (2019), and driving without an operator's license, in violation of N.C. Gen. Stat. § 20-7(a). After Defendant failed to appear in Wake County District Court on 24 February 2016, the district court issued an order for his arrest. On 11 July 2016, the Wake County District Attorney's Office dismissed Defendant's charges with leave, due to his "fail[ure] to appear for a criminal proceeding at which [his] attendance was required and" upon the prosecutor's belief that he could not "readily be found." Defendant's driving privilege was also revoked as a result of his failure to appear.

In July 2018, Defendant was arrested on the February 2016 order for his arrest; but after he again failed to appear for his 9 November 2018 court date, the district court issued another order for his arrest. Defendant was arrested on 12 December 2018, and he was ordered to appear in Wake County District Court at 2:00 p.m. on 18 January 2019. However, Defendant's case was subsequently scheduled as an "add-on case" during the 14 December 2018 Criminal Administrative Driving While Impaired Session of Wake County District Court. Upon Defendant's appearance on 14 December 2018, the assistant district attorney declined to reinstate Defendant's charges.

According to Defendant, his scheduled "18 January 2019 Criminal District Court date never took place." Accordingly, on 28 January 2019, Defendant filed a "Motion to Reinstate Charges" in Wake County District Court, alleging, *inter alia*, that "[t]he State will not reinstate . . . Defendant's criminal charges unless [he] enters a guilty plea to the DWI charge and waives his right to appeal[.]" On 15 July 2019, the district court entered its Order Denying Defendant's Motion to Reinstate Charges.

On 22 July 2019, Defendant petitioned the Wake County Superior Court to issue its writ of certiorari, seeking reversal of the district court's order and reinstatement of Defendant's criminal charges. The superior court "denied and dismissed" Defendant's petition for writ of certiorari by order entered 24 July 2019.

3

The superior court determined that Defendant "failed to provide 'sufficient cause' to support the granting of his Petition" and "is not entitled to the relief requested[.]"

Defendant subsequently filed a petition for writ of certiorari with this Court. By order entered 15 August 2019, we allowed Defendant's petition "for purposes of reviewing the order entered by [the superior court] on 24 July 2019."

*Discussion*

As explained below, I concur in the denial of Defendant's (1) "Alternative Petition for Writ of Mandamus," and (2) "Second Alternative Petition for Writ of Mandamus," directed to the Wake County District Attorney and the Wake County District Court, respectively. However, I respectfully dissent from the majority's decision regarding the superior court's denial of Defendant's petition for writ of certiorari.

A. Mandamus

"Mandamus translates literally as 'We command.'" *In re T.H.T.*, 362 N.C. 446, 453, 665 S.E.2d 54, 59 (2008) (citation omitted). A writ of mandamus is, thus, an "extraordinary" court order issued "to a board, corporation, inferior court, officer or person commanding the performance of a specified official duty imposed by law." *Id.* (citation and quotation marks omitted). Courts of the appellate division—that is, this Court and our Supreme Court—"may issue writs of mandamus 'to supervise and control the proceedings' of the" trial courts, but may only do so "to enforce established

4

rights, not to create new rights." *Id.* (quoting N.C. Gen. Stat. § 7A-32(b), (c) (2007)) (additional citation omitted). A number of requirements must be satisfied before a writ of mandamus may issue, *see id.*, but for our purposes, it is sufficient to note that "the party seeking relief must demonstrate a clear legal right to the act requested"; "the defendant must have a legal duty to perform the act requested"; and "the duty must be clear and not reasonably debatable." *Id.* at 453-54, 665 S.E.2d at 59 (citation omitted).

Here, Defendant filed two separate petitions for the writ of mandamus, requesting that this Court (1) "compel the Wake County District Attorney to promptly reinstate or dismiss his charges"; and (2) "compel the Wake County District Court to schedule Defendant a trial or hearing within a reasonable time." Contrary to the majority's determination, Defendant's petitions are properly addressed to this Court, not the superior court. *See In re Redwine*, 312 N.C. 482, 484, 322 S.E.2d 769, 770 (1984) ("The superior court judge misconstrued his authority to issue the writ of mandamus to a judge of the General Court of Justice. A judge of the superior court has no authority or jurisdiction to issue a writ of mandamus . . . to a district court judge."). Consequently, if mandamus were the appropriate remedy in this case, it would be error for our Court to deny Defendant's petitions on that basis.

Nevertheless, as the majority correctly concludes, albeit for different reasons than I, mandamus is *not* the proper remedy here. Defendant fails to "demonstrate a

clear legal right to the act[s] requested." *In re T.H.T.*, 362 N.C. at 453, 665 S.E.2d at 59; *see also* N.C. Gen. Stat. § 20-38.6(a) (setting forth the limited motions and procedures available for defense of implied-consent offenses in the district courts).

Nor can it be said that the Wake County District Attorney has a "clear and not reasonably debatable" legal duty to reinstate Defendant's criminal charges under these circumstances. *In re T.H.T.*, 362 N.C. at 453-54, 665 S.E.2d at 59. Indeed, the statutes governing the dismissal of criminal charges in implied-consent cases—and the rights of defendants whose failure to appear triggers dismissal—are anything but clear. *Compare* N.C. Gen. Stat. § 15A-932(a)(2) (providing that a "prosecutor may enter a dismissal with leave for nonappearance when a defendant . . . [f]ails to appear at a criminal proceeding at which his attendance is required, and the prosecutor believes the defendant cannot be readily found"), *with id.* § 20-24.1(a), (b1) (providing that although the DMV "*must* revoke the driver's license of a person upon receipt of notice from a court that the person was charged with a motor vehicle offense and he . . . failed to appear, after being notified to do so, when the case was called for a trial or hearing[,]" the defendant nevertheless "*must* be afforded an opportunity for a trial or a hearing within a reasonable time of the defendant's appearance" (emphases added)).

As these convoluted and often contradictory statutes illustrate, implied-consent law is rarely clear. For our purposes, however, it is sufficient to note that

Defendant has failed to demonstrate a clear legal right to the acts he seeks to compel—i.e., the Wake County District Attorney's reinstatement of his criminal charges, followed by a trial or hearing in Wake County District Court—as this determination is fatal to his petitions for the writ of mandamus.

Accordingly, I concur in the majority's denial of Defendant's (1) Alternative Petition for Writ of Mandamus, and (2) Second Alternative Petition for Writ of Mandamus.

B. Certiorari

Contrary to the majority, I conclude that Defendant has met his burden of showing that the superior court abused its discretion by denying his petition for writ of certiorari. For the reasons set forth below, I would reverse the superior court's order denying Defendant's petition for writ of certiorari and remand for a hearing and decision on the merits.

*The Nature of Certiorari*

It is well settled that "[a]ppeals in criminal cases are controlled by the statutes on the subject." *State v. King*, 222 N.C. 137, 140, 22 S.E.2d 241, 242 (1942) (citation omitted). Our statutes, however, do not provide for appeal from the district court's denial of a defendant's motion to reinstate criminal charges. Nevertheless, in such instances, "the defendant is not without a remedy. The remedy, retained by statute, approved by the court and generally pursued, is *certiorari* to be obtained from the

7

Superior Court upon proper showing aptly made." *Id.* at 140, 22 S.E.2d at 243 (citations omitted); *see also* N.C. Gen. Stat. § 1-269 ("Writs of certiorari, recordari, and supersedeas are authorized as heretofore in use.").

The superior court has jurisdiction to issue a writ of certiorari to review district court proceedings pursuant to Rule 19 of the General Rules of Practice for the Superior and District Courts. Rule 19 provides, in pertinent part: "In proper cases and in like manner, the court may grant the writ of certiorari. When a diminution of the record is suggested and the record is manifestly imperfect, the court may grant the writ upon motion in the cause."

A superior court's authority "to grant the writ of certiorari in appropriate cases is . . . analogous to [this Court's] power to issue a writ of certiorari pursuant to N.C. Gen. Stat. § 7A-32(c)[.]" *State v. Hamrick*, 110 N.C. App. 60, 65, 428 S.E.2d 830, 832-33, *appeal dismissed and disc. review denied*, 334 N.C. 436, 433 S.E.2d 181 (1993). As our Supreme Court long ago explained:

> [T]he Superior Court will always control inferior magistrates and tribunals, in matters for which a writ of error lies not, by *certiorari*, to bring up their judicial proceedings to be reviewed in the matter of law; for in such case "the *certiorari* is in effect a writ of error," as all that can be discussed in the court above are the form and sufficiency of the proceedings as they appear upon the face of them. . . . It is . . . essential to the uniformity of decision, and the peaceful and regular administration of the law here, that there should be some mode for correcting the errors, in point of law, of proceedings not according to the course of the common law, where the law does not give an

appeal; and, therefore, from necessity, we must retain this
use of the *certiorari*.

*State v. Tripp*, 168 N.C. 150, 155, 83 S.E. 630, 632 (1914).

"*Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 4 L. Ed. 2d 738 (1960). "A petition for the writ must show merit or that error was probably committed below." *Id.* (citing *In re Snelgrove*, 208 N.C. 670, 672, 182 S.E. 335, 336 (1935)).

"Two things . . . should be made to appear on application for *certiorari*: First, diligence in prosecuting the appeal, except in cases where no appeal lies, when freedom from laches in applying for the writ should be shown; and, second, merit, or that probable error was committed" below. *Snelgrove*, 208 N.C. at 672, 182 S.E. at 336 (citation and quotation marks omitted). Our Supreme Court has interpreted "merit" in this context to mean that a petitioner must show "that he has reasonable grounds for asking that the case be brought up and reviewed on appeal." *Id.*

*Analysis*

On appeal, Defendant alleges that the Wake County District Attorney's Office "refus[es] to reinstate the charges unless [Defendant] enters a plea of guilty and waives his right to appeal[.]" Defendant lacks an appeal of right from the district court's order denying his motion to reinstate the charges, or from the superior court's denial of his petition for writ of certiorari. Accordingly, Defendant filed a petition for

writ of certiorari seeking this Court's review of the superior court's order. In our discretion, we allowed Defendant's petition for writ of certiorari. However, the majority's opinion fails to sufficiently address that order, which is now squarely before us, pursuant to the determination of a panel of our Court that Defendant's appeal presented "appropriate circumstances" to support issuing a writ of certiorari in order to enable our review. N.C.R. App. P. 21(a)(1).

As Defendant correctly notes, the discretionary nature of certiorari "does not mean that the Superior Court can deny the writ for any reason." While acknowledging that "the discretion of a trial court is not blanket authority, and must have some basis in reason[,]" the majority nevertheless misinterprets Defendant's argument as an assertion that "the trial court abused its discretion in denying the writ because he was *entitled* to it." *Majority* at 6. Yet, in faulting Defendant for arguing "too far afield[,]" *id.*, the majority inadvertently commits the same error.

For example, the majority asserts:

> Even assuming *arguendo* that the District Court's denial of [D]efendant's motion to reinstate the charges was erroneous, the Superior Court was not obligated to grant certiorari to review it. The result would be unfortunate, but such is the case with discretionary writs. They are, by nature, discretionary.
>
> . . . .
>
> It is not enough that he disagree with it, or argue – incorrectly – that the trial court was obligated to grant his petition. Defendant has to show that the Superior Court's

10

decision was unsupported by reason or otherwise entirely arbitrary.

*Id.* at 6-7.

As the majority explains, an abuse of discretion occurs when the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 7 (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)). Here, the superior court's order fails to reveal any basis for its rationale. The order lacks any explanation for the basis of the superior court's decision, other than the conclusory statements that "Defendant has failed to provide 'sufficient cause' to support the granting of his Petition" and "is not entitled to the relief requested[.]" And because all of the "motions and proceedings in this matter were adjudicated in chambers" without the benefit of recordation or transcription, the record before this Court fails to disclose the basis for the superior court's decision, as well.

Moreover, it is not clear that Defendant could meet the standard embraced by the majority under *any circumstances*, given the majority's refusal to "address the merits of the petition to the superior court in the instant case." *Id.* at 5 (citation and quotation marks omitted). I agree that the question of "whether the District Court erred in denying the motion to reinstate the charges" is not before us. *Id.* at 7. But this does not preclude our consideration of the allegations raised in Defendant's petition for writ of certiorari—i.e., his request that *the superior court* review the

11

district court's denial of his motion to reinstate the charges. Indeed, how are we to fully review the superior court's order denying Defendant's petition without addressing its contents?

The superior court's unsupported conclusion that Defendant "failed to provide 'sufficient cause' to support the granting of his Petition" conflicts with our well-established standard for demonstrating merit and good cause for issuance of the writ of certiorari. A petitioner is not required to demonstrate a likelihood of success in every instance, merely (1) "diligence in prosecuting the appeal, *except in cases where no appeal lies, when freedom from laches in applying for the writ should be shown*"; and (2) "merit, or that probable error was committed" below. *Snelgrove*, 208 N.C. at 672, 182 S.E. at 336 (emphasis added); *cf. State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d 367, 370 (2017) ("As Bishop concedes, he cannot prevail on [his Fourth Amendment challenge to the trial court's order imposing lifetime satellite-based monitoring] without the use of Rule 2 because his constitutional argument is waived on appeal. In our discretion, *we decline to issue a writ of certiorari to review this unpreserved argument on direct appeal.*" (emphasis added)).

Clearly, Defendant's petition contains all of the required information, and his arguments show merit, as we have interpreted that standard, to support the issuance of a writ of certiorari in order to enable review on the record. In his petition to the superior court, Defendant raised numerous, detailed arguments alleging violations of

12

his statutory and constitutional rights arising from the State's refusal to reinstate his criminal charges, including that:

(1) The Wake County District Court failed to comply with N.C. Gen. Stat. § 20-24.1(b1)'s requirement that a defendant whose license is revoked due to his failure to appear after being charged with a motor vehicle offense "must be afforded an opportunity for a trial or a hearing within a reasonable time" of his appearance. N.C. Gen. Stat. § 20-24.1(b1). "Upon motion of a defendant, the court must order that a hearing or a trial be heard within a reasonable time." *Id.* Defendant alleges that the hearing dates provided to him "were merely illusory as no opportunity for a trial or hearing actually existed on these dates."

(2) The Wake County District Attorney's decision declining to reinstate Defendant's criminal charges was made for an improper purpose—namely, to coerce him to plead guilty. Citing a variety of authorities for support, Defendant further alleges that the circumstances of the instant case evince a pattern of "systematic prosecutorial misconduct" on the part of the Wake County District Attorney's Office, which the District Court had the authority to address.

(3) The District Attorney's refusal to reinstate his criminal charges violates his constitutional rights to due process and a speedy trial. According to

Defendant, "a due process violation exists when a prosecutor exercises his calendaring authority to gain a tactical advantage over a criminal defendant." For support, Defendant cites *Klopfer v. North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1 (1967), and *Simeon v. Hardin*, 339 N.C. 358, 451 S.E.2d 858 (1994).

To be clear, I offer no opinion on the likelihood of Defendant's success on the merits of his petition, nor, as previously explained, is that question before us at this juncture. *See State v. Ross*, 369 N.C. 393, 400, 794 S.E.2d 289, 293 (2016) ("The decision concerning whether to issue a writ of certiorari is discretionary, and thus, the Court of Appeals may choose to grant such a writ to review some issues that are meritorious but not others for which a defendant has failed to show good or sufficient cause. As such, the two issues that [the] defendant raised in his petition for writ of certiorari to the Court of Appeals have not survived that court's decision to allow the writ for the limited purpose of considering the voluntariness of his guilty plea." (internal citation omitted)).

However, Defendant's petition for writ of certiorari contains cogent, well-supported arguments alleging statutory and constitutional violations akin to those at issue in *Klopfer* and *Simeon*, which—if true—are certainly concerning. He has no other avenue to seek redress for these alleged legal wrongs, because he has no right

to appeal from the denial of his motion to reinstate charges. And if he pleads guilty, as the State intends, he waives his right to appeal altogether. This is no bargain.

> The open courts clause, Article I, Section 18 of the North Carolina Constitution, guarantees a criminal defendant a speedy trial, an impartial tribunal, and access to the court to apply for redress of injury. While this clause does not outlaw good-faith delays which are reasonably necessary for the state to prepare and present its case, it does prohibit purposeful or oppressive delays and those which the prosecution could have avoided with reasonable effort. Furthermore, Article I, Section 24 of the North Carolina Constitution grants every criminal defendant the absolute right to plead not guilty and to be tried by a jury. *Criminal defendants cannot be punished for exercising this right.*

*Simeon*, 339 N.C. at 377-78, 451 S.E.2d at 871 (emphasis added) (internal citations and quotation marks omitted).

Quite plainly, Defendant has no alternate means to seek redress of the issues raised in his petition before the superior court. The majority's opinion fails to address the issues raised in Defendant's petition—a necessary consideration upon review of the superior court's order denying his request for the writ of certiorari. For all of these reasons, I respectfully dissent.