TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. JANICE M. FORSTER-PEREIRA, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. JANICE FORSTER-PEREIRA, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. ANDREW TONKIN, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. JACK WHITE, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. LANCE J. UBERSEDER, DEFENDANT

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. BRYAN SCOTT TREW, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. ANDREW G. TONKIN, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. PETER R. MACRIE, DEFENDANT

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. JAMES R. EWALT, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. MICHAEL A. MONTANARO, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. CAROL A. MELLING, DEFENDANT

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. MICHAEL MADONNA, ET AL., DEFENDANTS

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. PETER R. MACRIE, DEFENDANT

TOWN OF NORTH TOPSAIL BEACH, PLAINTIFF v. ROBERT WILLIAM SEMMLER, ET AL., DEFENDANTS

No. COA08-39

(Filed 6 January 2009)

**1. Costs— attorney fees—supporting material—objection at trial on different grounds**

The trial court's decision about the amount of attorney fees to award the defendants in voluntarily dismissed condemnation actions was supported by competent evidence where the amounts were supported by affidavits and billing documents. Plaintiffs contended on appeal that the billing documents were not properly authenticated and were not competent evidence, but did not raise authentication at trial. Plaintiff's argument concerning the affidavits was moot since the trial court properly considered the billing documents. N.C.G.S. § 40A-8(b).

**2. Costs— attorneys fees and costs for appeal—order allow-
ing petition—not a justiciable controversy**

The question of whether the trial court exceeded its jurisdic-
tion by allowing attorney fees and costs for an appeal was not
ripe for consideration. The court's order merely permitted
defendants to petition the trial court for consideration of the mat-
ter, but defendants have not done so.

Appeal by plaintiff from order entered 6 July 2007 by Judge
Benjamin G. Alford in Onslow County Superior Court. Heard in the
Court of Appeals 9 September 2008.

*Robert W. Kilroy for plaintiff appellant.*

*Ronald E. vonLembke for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff appeals trial court's order entered on 6 July 2007. For
reasons discussed herein, we affirm.

## I. Background

In May of 2006, Town of North Topsail Beach ("plaintiff") filed
fourteen separate condemnation actions against defendants listed
above (collectively "defendants"). Pursuant to a joint motion, the
matters were placed on inactive status on 9 November 2006. On 22
March 2007, defendants filed a motion to consolidate plaintiff's four-
teen separate actions and a calendar request to have a jury trial dur-
ing the 4 June 2007 Session of Onslow County Superior Court. On 9
April 2007, plaintiff voluntarily dismissed each of the fourteen con-
demnation actions against defendants.

On 16 May 2007, defendants filed a motion for payment of attor-
ney's fees and costs pursuant to N.C. Gen. Stat. §§ 40A-8(b), 1.209.1,
and 7A-305(d). On 4 June 2007, the matter was heard before Judge
Benjamin Alford. At the hearing, defendants submitted fourteen
(14), four-page affidavits ("the affidavits"). Each affidavit, included
an invoice itemizing attorney's fees, appraiser's fees, and engineer-
ing fees. In each affidavit, defendants' attorney stated that (1) he had
personally reviewed the costs and attorney's fees billed to each
defendant, (2) he had subtracted all attorney's fees and costs not
associated with plaintiff's condemnation complaint, such as those
associated with inverse condemnation matters brought by defend-

ants, and (3) the attorney's fees identified in the attached invoice are "true and accurate."

Plaintiff did not contest the statutory basis of defendants' claim for attorney's fees but did argue that the affidavits were not sufficiently detailed to support the amount of attorney's fees listed. In response, defendants' attorney provided the trial court with several hundred pages of billing and expense records ("the billing documents"), supporting the amount of fees listed in the affidavits. The trial court gave plaintiff a few days to review the billing documents.

After plaintiff reviewed the billing documents, it filed an amended response to defendants' motion for attorney's fees on 8 June 2007. In its amended response, plaintiff claimed that the billing documents commingled the attorney's "time and effort" in other cases and attached a list, referencing each instance in which defendants' attorney had failed to segregate the fees. Plaintiff urged the trial court to deny defendants' motion for attorney's fees.

On 6 July 2007, the trial court filed an order awarding attorney's fees and costs to defendants, pursuant to N.C. Gen. Stat. §§ 40A-8(b), 1.209.1, and 7A-305(d), in the total amounts listed in the affidavits. The order also provided that defendants "may petition this Court for any additional attorney fees and costs expended after the date of this Order arising from the enforcement or appeal of this matter." Plaintiff filed notice of appeal on 3 August 2007 and objected to the billing statements being included in the record on appeal. Pursuant to Rule 11(c) of the North Carolina Rules of Appellate Procedure, the trial court settled the record on appeal. In its order, dated 28 December 2007, the trial court included the billing documents in the record. Plaintiff filed a Petition for Writ of Certiorari on that order, which we denied on 28 January 2008.

## II. Amount of Attorney's Fees Awarded

[1] Plaintiff argues that the trial court abused its discretion in awarding attorney's fees to defendants in the amounts identified in the affidavits.[1] Specifically, plaintiff claims that the trial court did not have competent evidence to support the amount of attorney's fees it awarded and assigns error to several findings of fact. We disagree.

---

1. Defendants claim that we have previously decided this issue. On 28 January 2008, we denied plaintiff's petition for certiorari of the trial court's order to include the billing documents in the record. Defendants are incorrect, as our denial of a petition for certiorari does not constitute a decision on the merits of the case.

Defendants are entitled to be reimbursed for their reasonable attorney's fees because plaintiff voluntarily dismissed its condemnation actions. N.C. Gen. Stat. § 40A-8(b), provides that:

> [I]f the condemnor abandons the action, the court with jurisdiction over the action shall after making appropriate findings of fact award each owner of the property sought to be condemned a sum that, in the opinion of the court based upon its findings of fact, will reimburse the owner for: his reasonable costs; disbursements; expenses (including reasonable attorney, appraisal, and engineering fees)[.]

N.C. Gen. Stat. § 40A-8(b) (2007). The award of attorney's fees is within the sound discretion of the trial judge and is not reviewable except for abuse of discretion. *Concrete Machinery Co. v. City of Hickory*, 134 N.C. App. 91, 100, 517 S.E.2d 155, 160 (1999). Our review is " 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.' " *Robinson v. Shue*, 145 N.C. App. 60, 65, 550 S.E.2d 830, 833 (2001) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)).

The trial court is required to include findings of fact to support the attorney's fees awarded. *See* N.C. Gen. Stat. § 40A-8(b). When determining the reasonableness of the amount of attorney's fees in this type of action, our decision " 'does not depend solely upon hourly rates and the number of hours devoted to the case.' " *Concrete Machinery Co.*, 134 N.C. App. at 100, 517 S.E.2d at 160 (citation omitted). This Court will also examine factors such as "the nature of litigation . . . nature of the award, difficulty, amount involved, skill required in its handling, skill employed, attention given, [and] the success or failure of the attorney's efforts." *Id.* (quoting McQuillin Mun. Corp. § 32.96 (3d Ed.)).

In this case, plaintiff stipulated to the customary fee, experience, and ability of defendants' counsel. In support of their motion for attorney's fees, defendants submitted fourteen sworn affidavits, each of which included an invoice listing the amount of attorney's fees each defendant incurred. In each affidavit, defendants' counsel stated that he personally reviewed the attorney's fees billed to each defendant, subtracted all fees not associated with plaintiff's condemnation complaint, and that the amounts listed in the affidavits were true and

accurate. At that time, plaintiff claimed that the affidavits were not sufficiently detailed to support an award of attorney's fees.

In order to support the specific amount of attorney's fees listed in the affidavits, defendants' attorney submitted a box containing several hundred pages of billing and expense records ("the billing documents"). The billing documents showed, in detail, the legal work performed for each defendant in six-minute increments and indicated the number of hours billed to each defendant. The trial court allowed plaintiff to have a few days to review the billing documents before responding to the court.

After reviewing the billing documents, plaintiff filed an amended response to defendant's motion for attorney's fees. Plaintiff asserted that the billing documents were "commingled with Defendants' attorneys time and effort in two inverse condemnation matters brought by Defendants" and that "Defendants' attorney has failed to segregate and account for fees and expenses related only to [plaintiff's] condemnation actions[.]" Plaintiff attached a list to its amended response which indicated the specific portions of the billing documents which plaintiff claimed to show commingling of the attorney's time and effort with unrelated matters. Plaintiff urged the trial court not to award attorney's fees to defendants and argued that the affidavits alone fail to demonstrate the time and effort of defendants' attorney.

In its order, the trial court made several findings of fact based on the billing documents and awarded defendants attorney's fees in the amounts listed in the affidavits. The trial court admitted the billing documents into evidence in its order stating that, "[t]he detailed billing sheets and invoices in support of the affidavits are incorporated by reference."

On appeal, plaintiff asserts that because the billing documents were not competent evidence, the trial court was not permitted to use them to support its of findings of fact. Plaintiff contends that the affidavits were the only competent evidence presented and that the affidavits alone were not sufficiently detailed to support the amount of attorney's fees awarded.

Plaintiff contends that the billing documents were not competent because they were not properly authenticated or identified by a witness under oath, pursuant to Rules of Evidence 603 and 901. *See* N.C. Gen. Stat. § 8C-1, Rule 603 (2007) (requiring every witness "to declare that he will testify truthfully, by oath or affirmation"); N.C. Gen. Stat. § 8C-1, Rule 901(a),(b)(1) (2007) (providing that "the requirement of

authentication or identification as a condition precedent to admissibility is satisfied by . . . [t]estimony that a matter is what it is claimed to be"). Defendant has failed to preserve this issue for appeal. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[.]" N.C.R. App. P. 10(b)(1) (2008). In the case before us, plaintiff is precluded from raising this issue on appeal because it did not object, on this specific ground, during trial.

Plaintiff's contention that it had no opportunity to object to the admission of the billing documents is unfounded. Plaintiff had sufficient opportunity to raise any objections to the billing documents before the trial court made an evidentiary ruling in its order. As soon as defendants submitted the billing documents, the trial court granted plaintiff a few days to review the documents and specifically told plaintiff that it could submit a written response to the court after its review.

Plaintiff was permitted to raise any objections it had on the admissibility of those billing documents in its response to the court, which it did. In its amended reply, plaintiff claimed that the billing documents did not support the amount of attorney's fees, because the documents failed to segregate the fees from this case with the fees from other matters. The trial court disagreed with plaintiff's contentions and stated so in its findings of fact.

However, plaintiff did not object to the authenticity of the billing documents and has therefore waived its right to raise the issue on appeal. It is well established that "where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount in the [appellate court].' " *State v. Sharpe,* 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring,* 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)), *cert. denied,* 350 N.C. 848, 539 S.E.2d 647 (1999). "The defendant may not change his position from that taken at trial to obtain a 'steadier mount' on appeal." *State v. Woodard,* 102 N.C. App. 687, 696, 404 S.E.2d 6, 11, *appeal dismissed, disc. review denied,* 329 N.C. 504, 407 S.E.2d 550 (1991) (citation omitted). We find that the billing documents were competent evidence to support awarding attorney's fees in the amounts listed in the affidavits.

Plaintiff further argues that the affidavits alone were not sufficient to support the amount of attorney's fees awarded. This assign-

ment of error is now moot as we find that the trial court properly considered the billing documents to support its award.

We have reviewed plaintiff's other arguments and find them to be without merit. We hold that the trial court's decision to award the amount of attorney's fees listed in the affidavits was supported by competent evidence and affirm the order of the trial court.

### III. Attorney's Fees for Appeal

**[2]** Plaintiff also argues that the trial court exceeded its jurisdiction under N.C. Gen. Stat. § 40A-8B, by allowing defendants to recover attorney's fees and costs arising from appeal of this matter. We need not decide this issue as it is not ripe for our consideration.

Defendant assigns error to the following paragraph in the trial court's order:

> Named-Defendants may petition this Court for any additional attorney fees and costs expended after the date of this Order arising from the enforcement or appeal of this matter. This Court shall retain jurisdiction over the above-subject cases for this purpose.

Contrary to plaintiff's contention, the trial court did not award attorney's fees arising from appeal to defendants. The order only permitted defendants to petition the trial court for consideration of the matter. Defendants have not done so and therefore there is no justiciable controversy at this time. *See Martin v. Piedmont Asphalt & Paving*, 337 N.C. 785, 788, 448 S.E.2d 380, 381-82 (1994) (explaining that it is not proper for appellate courts to issue opinions where there is no genuine controversy between the parties). We cannot review this issue until the trial court makes its decision as it is not the proper function of this Court to give advisory opinions. *Adams v. Dept. of N.E.R.*, 295 N.C. 683, 704, 249 S.E.2d 402, 414 (1978). We find that this issue is premature for appellate review.

### IV. Conclusion

For the reason discussed above, we affirm the order of the trial court.

Affirmed.

Judges McGEE and STROUD concur.

Concurred prior to 31 December 2008.